FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Gregg M. Kligman, Esq.
*Attorneys for Defendants*
*Lafayette Street Partners, LLC d/b/a*
*Lafayette Grand Café & Bakery,*
*Lafayette Street Partners II, LLC*
*d/b/a Lafayette Grand Café & Bakery,*
*NoHo Hospitality Group, Eric Melo,*
*Gustavo Diaz, Luciano Duco, Luke Ostrom,*
*Nicholas Lorentz, and Bryan Nasworthy*
101 Park Avenue, Suite 1700
New York, NY 10178
Telephone: 212.878.7900
Facsimile: 212.692.0940

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAUL HERRERA and HUGO ORDONEZ, *on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>LAFAYETTE STREET PARTNERS, LLC d/b/a LAFAYETTE GRAND CAFÉ & BAKERY, LAFAYETTE STREET PARTNERS II, LLC d/b/a LAFAYETTE GRAND CAFÉ & BAKERY, NOHO HOSPITALITY, LLC d/b/a NOHO HOSPITALITY GROUP, ERIC MELO, GUSTAVO DIAZ, LUCIANO DUCO, LUKE OSTROM, NICHOLAS LORENTZ, and BRYAN NASWORTHY,<br><br>Defendants. | Civil Action No. 17-cv-1776 (GHW)<br><br>EFC Case<br><br><br><br><u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**</u> |

Defendants Lafayette Street Partners, LLC d/b/a Lafayette Grand Café & Bakery, Lafayette Street Partners II, LLC d/b/a Lafayette Grand Café & Bakery, Noho Hospitality, LLC d/b/a Noho Hospitality Group, Eric Melo, Gustavo Diaz, Luciano Duco, Luke Ostrom, Nicolas Lorentz i/s/h/a Nicholas Lorentz, and Brian Nasworthy i/s/h/a Bryan Nasworthy, (collectively referred to as "Defendants") by and through their attorneys, Fox Rothschild LLP, hereby answer the Complaint

of Plaintiffs Saul Herrera and Hugo Ordonez ("Plaintiffs") filed March 9, 2017 (the "Complaint"), as follows.

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated any law and/or that they harmed Plaintiffs in any way.

## AS TO THE INTRODUCTION

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring claims pursuant to the statutory provisions recited in paragraph 1 of the Complaint. Defendants affirmatively deny that they violated the law and deny that Plaintiffs are entitled to any damages or claim for relief.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint except admit that Plaintiffs purport to bring claims pursuant to the statutory provisions recited in paragraph 4 of the Complaint and that the Plaintiffs seek the recovery of "unpaid minimum wages," "overtime compensation", "spread of hours compensation", "compensation for failure to provide wage notice at the time of hiring", and "liquidated damages, costs, interest and attorneys' fees." Defendants affirmatively deny that they violated the law and deny that Plaintiffs are entitled to any damages or claim for relief.

## AS TO JURISDICTION AND VENUE

5. The allegations set forth in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. Defendants admit that Plaintiffs have invoked the jurisdiction of the court under the statutes referenced in paragraph 6 of the Complaint. The remainder of the allegations in paragraph 6 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit that Plaintiffs have sought to invoke venue in this district under the statutes referenced in paragraph 8 of the Complaint. The remainder of the allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required; the extent a response is required, Defendants deny the allegations.

## AS TO PLAINTIFFS

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint except admit that Mr. Herrera was employed by Lafayette Street Partners II, LLC from on or around July 5, 2013 to on or around August 18, 2016.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint except admit that Mr. Ordonez is employed by Lafayette Street Partners II, LLC since on or around March 10, 2014 to the present.

## AS TO DEFENDANTS

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

ACTIVE\45670453.v1-5/19/17

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

## AS TO CORPORATE DEFENDANTS

*Lafayette Street Partners LLC*

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

*Lafayette Street Partners II, LLC*

24. Defendants admit the allegations set forth in paragraph 24 of the Complaint.

25. Defendants admit the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

*NoHo Hospitality, LLC*

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

ACTIVE\45670453.v1-5/19/17

## INDIVIDUAL DEFENDANTS
*Eric Melo*

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

*Gustavo Diaz*

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

*Luciano Duco*

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

*Luke Ostrom*

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

*Nicolas Lorentz i/s/h/a Nicholas Lorentz*

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

*Brian Nasworthy i/s/h/a Bryan Nasworthy*

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

ACTIVE\45670453.v1-5/19/17

*Dominic "Doe" Last Name Unknown*

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

## STATEMENT OF FACTS

*As to General Wage and Hour Allegations*

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

ACTIVE\45670453.v1-5/19/17

### Saul Herrera

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint except admit that Mr. Herrara was employed by Lafayette Street Partners II, LLC from on or around July 5, 2013 to on or around August 18, 2016.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint except admit that Mr. Herrera was employed by Lafayette Street Partners II, LLC as a Dishwasher.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in paragraph 78 of the Complaint.

### Hugo Ordonez

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint except admit that Mr. Ordonez is employed by Lafayette Street Partners II, LLC since on or around March 10, 2014 to the present.

80. Defendants deny the allegations set forth in paragraph 80 of the Complaint except admit that Mr. Ordonez works as a Dishwasher.

81. Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

ACTIVE\45670453.v1-5/19/17

84. Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

88. Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Complaint, except admit that Plaintiffs purports to bring this action on behalf of the "Collective Action Members." Defendants affirmatively deny the existence of any such collective and further deny that they violated the law and deny that Plaintiffs are entitled to any damages or claim for relief.

92. The allegations set forth in paragraph 92 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93. The allegations set forth in paragraph 93 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. The allegations set forth in paragraph 94 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95. The allegations set forth in paragraph 95 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96. The allegations set forth in paragraph 96, including subparts "a" through "i", of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 96, including subparts "a" through "i", of the Complaint.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in paragraph 98 of the Complaint.

### CLASS ACTION ALLEGATION

99. Defendants admit that Plaintiffs purport to proceed on behalf of all non-exempt persons employed by Defendants pursuant to the statutory provisions recited in Paragraph 99 of the Complaint. However, Defendants affirmatively deny the existence of any putative class and further deny that they violated the law and deny that Plaintiffs are entitled to any damages or claim for relief.

100. The allegations set forth in Paragraph 100 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 100.

101. The allegations set forth in Paragraph 101 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 101.

ACTIVE\45670453.v1-5/19/17

102. The allegations set forth in Paragraph 102 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 102.

103. The allegations set forth in Paragraph 103 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 103.

104. The allegations set forth in Paragraph 104 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 104.

105. The allegations set forth in Paragraph 105 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 105.

106. The allegations set forth in paragraph 106, including subparts "a" through "j", of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 106, including subparts "a" through "j", of the Complaint.

## STATEMENT OF CLAIMS

### AS TO COUNT I
### FAIR LABOR STANDARDS ACT – MINIMUM WAGE

107. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 106 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

108. The allegations set forth in paragraph 108 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109. The allegations set forth in paragraph 109 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. The allegations set forth in paragraph 111 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. The allegations set forth in paragraph 113 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

### AS TO COUNT II
### VIOLATION OF NEW YORK LABOR LAW – MINIMUM WAGE

115. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 114 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

116. The allegations set forth in paragraph 116 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117. The allegations set forth in paragraph 117 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

## AS TO COUNT III
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT – OVERTIME WAGES

119. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 118 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

120. The allegations set forth in paragraph 120 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 120 of the Complaint.

121. The allegations set forth in paragraph 121 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. The allegations set forth in paragraph 124 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

ACTIVE\45670453.v1-5/19/17

## AS TO COUNT IV
## VIOLATION OF NEW YORK LABOR LAW– OVERTIME PAY

127. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 126 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

128. The allegations set forth in paragraph 128 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

## AS TO COUNT V
## VIOLATION OF NEW YORK LABOR LAW– TIME OF HIRE WAGE NOTICE REQUIREMENT

131. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 130 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

132. The allegations set forth in paragraph 132 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

## PRAYER FOR RELIEF

136. In response to this paragraph and sub-paragraphs "(a)" through and including "(q)" that follow the phrase "Wherefore, Plaintiffs, on behalf of themselves, and the FLSA

ACTIVE\45670453.v1-5/19/17

collective Plaintiffs and Rule 23 class, respectfully request that this court enter a judgment providing the following relief:" Defendants deny the allegations set forth in that paragraph and all of the sub-paragraphs and affirmatively aver that neither Plaintiffs nor any individual or group whom Plaintiffs purport to represent are entitled to any of the relief requested or any other relief.

## DEMAND FOR TRIAL BY JURY

137.   Defendants admit that Plaintiffs demand a trial by jury as to all questions triable by a jury.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

1.   The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, waiver, and/or avoidable consequences.

## THIRD AFFIRMATIVE DEFENSE

3.   To the extent Plaintiffs and putative collective and/or class members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## FOURTH AFFIRMATIVE DEFENSE

4.  At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## FIFTH AFFIRMATIVE DEFENSE

5.  With respect to some or all of the claims brought or allegedly brought by the Plaintiffs on behalf of themselves and/or on behalf of any putative collective and/or class action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. § 216(b) because, *inter alia*, Plaintiffs are not similarly situated to the putative collective.

## SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiffs and/or the putative collective and/or class action members are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiffs or the putative collective and/or class action members all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§

650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any putative collective and/or class action, the existence of which Defendants affirmatively denies; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs and all putative collective and/or class action members are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law or other state laws.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' and the putative collective action members' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because

actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, offsets or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' and the putative collective and/or class action members' claims are barred by the doctrine of res judicata and collateral estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. The Court lacks personal jurisdiction over one or more Defendants.

ACTIVE\45670453.v1-5/19/17

### NINETEENTH AFFIRMATIVE DEFENSE

19. All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due.

### TWENTIETH AFFIRMATIVE DEFENSE

20. All affirmative defenses provided by Section 195 of the New York Labor Law and all statutory affirmative defenses to New York State record keeping requirements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The Complaint should be dismissed as to the individual Defendants because they were not the employer(s) of Plaintiffs or any other allegedly similarly situated person under the FLSA, New York Labor Law, or any other law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The Court lacks subject matter jurisdiction to adjudicate the claims.

ACTIVE\45670453.v1-5/19/17

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs as follows:

(A) Dismiss all Plaintiffs' claims in their entirety and with prejudice;

(B) Deny each and every request for relief sought by Plaintiffs in their Complaint;

(C) Enter judgment against Plaintiffs and for Defendants;

(D) Award Defendants their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

(E) Grant Defendants such other and relief as this Court may deem just and proper.

Dated: New York, New York
May 24, 2017

FOX ROTHSCHILD LLP

By: _____
Carolyn D. Richmond
Gregg M. Kligman
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900
*Attorneys for Defendants*