UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL HERRERA and HUGO ORDONEZ, *on behalf of themselves and others similarly situated,*

                    *Plaintiffs,*

-against-

LAFAYETTE STREET PARTNERS, LLC d/b/a LAFAYETTE GRAND CAFÉ & BAKERY, LAFAYETTE STREET PARTNERS II, LLC d/b/a LAFAYETTE GRAND CAFÉ & BAKERY, NOHO HOSPITALITY, LLC d/b/a NOHO HOSPITALITY GROUP, ERIC MELO, GUSTAVO DIAZ, LUCIANO DUCO, LUKE OSTROM, NICHOLAS LORENTZ, and BRYAN NASWORTHY,

                    *Defendants.*

Civil Action No. 17-cv-1776 (KHP)

ECF Case

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

    Named Plaintiff Saul Herrera on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (collectively, the "Plaintiff") and Defendants Lafayette Street Partners, LLC, Lafayette Street Partners II, LLC ("Lafayette"), Noho Hospitality, LLC, Eric Melo, Gustavo Diaz, Luciano Duco, Luke Ostrom, Nicolas Lorentz i/s/h/a Nicholas Lorentz, and Brian Nasworthy i/s/h/a Bryan Nasworthy, on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (collectively "Defendants," and with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein as follows:

    1.    **Preliminary Matters.**  Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Jian Hang, Esq., William Brown, Esq., and/or Paul Mendez, Esq. of Hang & Associates, PLLC (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing and following Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

    2.    **No Admission of Liability.**  The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled <u>Herrera, et al v. Lafayette Street Partners, LLC, et al.</u>, Civil Action No. 17-cv-1776 (GHW), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit,

or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship with Defendants.

3. **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

4. **Consideration.**

   A. Lafayette agrees to pay Plaintiff and his attorneys the maximum total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. Under no circumstances shall the Settlement Payment exceed Twenty Thousand Dollars and Zero Cents ($20,000.00), excluding the employer's share of payroll taxes typically borne by an employer with respect to any payments made to Plaintiff on a W-2 basis.

   B. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties and liquidated damages. The Parties agree that Plaintiff's Counsel may petition the Court for an award of attorneys' fees and costs from the total Settlement Payment up to Six Thousand Eight Hundred Sixteen Dollars and Sixty-Seven Cents ($6,816.67). If approved by the Court, these fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

   C. Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

5. **Release by Plaintiff.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from: any and all wage and hour claims based on or under the Fair Labor Standards Act, New York Labor Law, the New York Wage Theft Prevention Act, the corresponding

-2-

49430400

New York Code of Rules and Regulations, and any New York State Wage Orders (including but not limited to, the Hospitality Industry Wage Order and the Minimum Wage Order for Miscellaneous Industries and Occupations) for all wage and hour claims arising out of or relating to work performed at or for the Defendants and any and all wage and hour claims that were or could have been asserted in the Litigation, whether known or unknown, including but not limited to, all claims for damages, interest, liquidated damages, and attorneys' fees and costs related to such claims. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or for time worked.

6. **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for his respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff or Plaintiff's Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

7. **Payment.**

D. In consideration of the promises of Plaintiff set forth herein, Lafayette shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims that Plaintiff has or may have against Defendants, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be paid as follows:

(i) One check made payable to Saul Herrera in the gross amount of Six Thousand Five Hundred Ninety-One Dollars and Sixty-Six Cents ($6,591.66), less applicable taxes and withholdings for which an IRS Form W-2 will be issued to Mr. Herrera;

(ii) One check made payable to Saul Herrera in the gross amount of Six Thousand Five Hundred Ninety-One Dollars and Sixty-Seven Cents ($6,591.67) which represents alleged damages that do not constitute wages or compensation and for which an IRS Form 1099, with box 3 checked, will be issued to Mr. Herrera; and

(iii) One check made payable to "Hang & Associates, PLLC" in the gross amount of Six Thousand Eight Hundred Sixteen Dollars and Sixty-Seven Cents ($6,816.67) representing Plaintiff's attorneys' fees and expenses and for which an IRS Form 1099 will be issued to Hang & Associates, PLLC.

The Settlement Payment shall be due to Plaintiff's Counsel no later than the latter of the following dates: (a) thirty (30) days after Plaintiff has executed this Agreement and delivered the same to Defendants' counsel at Fox Rothschild LLP (Attn: Gregg M. Kligman), 101 Park Avenue, Suite 1700, New York,

-3-

New York, 10178; (b) thirty (30) days after Plaintiff has executed and delivered to counsel for Defendants valid IRS Forms W-4 and W-9 and Plaintiff's Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9; and/or (c) thirty (30) days after the Court both approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, and fully and finally dismisses the Pending Action with prejudice, *whichever occurs last*.

    E.  In no event shall any settlement payment under Sections 4 and 7 of this Agreement be due until the Court fully and finally dismisses the Pending Action with prejudice and approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act. The Parties agree that Plaintiff shall submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act. Nothing contained in this Agreement shall preclude or limit Defendants from prepaying any amounts set forth in this Agreement without penalty. Defendants shall be allowed to first review and comment on Plaintiff's approval application prior to its submission to the Court, as well as submit its own submission if appropriate.

    F.  The Parties agree that the individual settlement payments made to the Plaintiff (excluding any approved attorneys' fees and costs) will be allocated as follows for tax purposes: (i) 50% in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting and payable directly to Plaintiff, and (ii) 50% in consideration for liquidated damages, penalties, and interest as non-wage payments subject to 1099 reporting and payable to Plaintiff. All Wage Payments (i.e., the portion set forth in Section 7(A)(i) above and referenced in Section 7(C)(i)) shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2. All Non-Wage Payments (i.e., the portion set forth in Section 7(A)(ii) above and referenced in 7(C)(ii)) shall be made without any tax withholdings and shall be reflected on a Form 1099 issued to Plaintiff. Payments of any approved attorneys' fees and costs pursuant to this Agreement shall be made without any withholdings and Plaintiff's Counsel will receive a Form 1099 for this payment. Plaintiff's Counsel will petition the Court for approval of the tax treatment of the Settlement Payment set forth above. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for approval of tax treatment is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for approval of the tax treatment of the Settlement Payment shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

  **8.**  **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York, or the New York State Supreme Court, New York County. If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that she has not previously

transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9. **Reemployment.** Plaintiff agrees to relinquish and hereby does relinquish any and all rights he may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) Defendants. Plaintiff agrees that he will not seek, apply for, or accept any employment or assignment to which he has relinquished any rights, and that in the event he inadvertently seeks, applies for, or accepts any employment or assignment to which he has relinquished any rights he will immediately withdraw, forego, leave and/or voluntarily terminate such inquiry, application, employment and/or assignment. Defendants may also immediately terminate any employment or assignment to which Plaintiff has relinquished any rights at any time. Plaintiff agrees and understands that this provision is intended to protect the Defendants from allegations of retaliation and that this Section 9 constitutes a material provision of this Agreement.

10. **Return of Company Property.** To the extent he has not already done so, Plaintiff agrees to return to the Defendants all property of the Defendants, which is or has been in his possession, custody, or control, including but not limited to written materials, records, computer files, and documents (whether maintained in hard copy format, digitally, electronically, or in any other medium) and any copies thereof, including, but not limited to, all property of Defendants taken or received by Plaintiff during his employment or upon his separation from Defendants.

11. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

12. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof except for the Memorandum of Understanding signed by Plaintiff in the

Pending Action on May 31, 2017 and the Mediation Agreement signed by Plaintiff on May 31, 2017. This is an integrated document.

**14.    No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

**15.    Execution In Counterpart and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

49430400

SAUL HERRERA CONFIRMA Y RECONOCE QUE ESTE ACUERDO HA SIDO TRADUCIDO EN SU IDIOMA NATIVO ANTES DE FIRMAR, Y QUE ENTIENDE COMPLETAMENTE LOS TÉRMINOS Y CONDICIONES DE ESTE ACUERDO.

SAUL HERRERA CONFIRMS AND ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN TRANSLATED INTO HIS NATIVE LANGUAGE (SPANISH) BEFORE SIGNING, AND THAT HE FULLY UNDERSTAND THIS AGREEMENT'S TERMS AND CONDITIONS.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement this ___th day of July, 2017.

**PLAINTIFF**

By: _____  Date: August 3, 2017
SAUL HERRERA

**DEFENDANTS**

By: _____  Date: August 9th, 2017
LAFAYETTE STREET PARTNERS, LLC

By: _____  Date: August 9th, 2017
LAFAYETTE STREET PARTNERS II, LLC

By: _____  Date: August 9th, 2017
NOHO HOSPITALITY, LLC

By: _____  Date: August __, 2017
ERIC MELO

By: _____  Date: August __, 2017
GUSTAVO DIAZ

By: _____  Date: August __, 2017
LUCIANO DUCO

By: _____  Date: August 9, 2017
LUKE OSTROM

By: _____  Date: August __, 2017
NICOLAS LORENTZ

By: _____  Date: August __, 2017
BRIAN NASWORTHY

49430400

SAUL HERRERA CONFIRMA Y RECONOCE QUE ESTE ACUERDO HA SIDO TRADUCIDO EN SU IDIOMA NATIVO ANTES DE FIRMAR, Y QUE ENTIENDE COMPLETAMENTE LOS TÉRMINOS Y CONDICIONES DE ESTE ACUERDO.

SAUL HERRERA CONFIRMS AND ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN TRANSLATED INTO HIS NATIVE LANGUAGE (SPANISH) BEFORE SIGNING, AND THAT HE FULLY UNDERSTAND THIS AGREEMENT'S TERMS AND CONDITIONS.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement this ___th day of July, 2017.

**PLAINTIFF**

_____   Date: August 3, 2017
SAUL HERRERA

**DEFENDANTS**

By: _____   Date: August __, 2017
    LAFAYETTE STREET PARTNERS, LLC

By: _____   Date: August __, 2017
    LAFAYETTE STREET PARTNERS II, LLC

By: _____   Date: August __, 2017
    NOHO HOSPITALITY, LLC

By: _____   Date: August __, 2017
    ERIC MELO

By: _____   Date: August __, 2017
    GUSTAVO DIAZ

By: _____   Date: August 5, 2017
    LUCIANO DUCO

By: _____   Date: August __, 2017
    LUKE OSTROM

By: _____   Date: August 4, 2017
    NICOLAS LORENTZ

By: _____   Date: August 4, 2017
    BRIAN NASWORTHY

-7-

49430400

SAUL HERRERA CONFIRMA Y RECONOCE QUE ESTE ACUERDO HA SIDO TRADUCIDO EN SU IDIOMA NATIVO ANTES DE FIRMAR, Y QUE ENTIENDE COMPLETAMENTE LOS TÉRMINOS Y CONDICIONES DE ESTE ACUERDO.

SAUL HERRERA CONFIRMS AND ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN TRANSLATED INTO HIS NATIVE LANGUAGE (SPANISH) BEFORE SIGNING, AND THAT HE FULLY UNDERSTAND THIS AGREEMENT'S TERMS AND CONDITIONS.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement this ___ th day of July, 2017.

**PLAINTIFF**

_____  Date: August 3, 2017
SAUL HERRERA

**DEFENDANTS**

By: _____  Date: August __, 2017
LAFAYETTE STREET PARTNERS, LLC

By: _____  Date: August __, 2017
LAFAYETTE STREET PARTNERS II, LLC

By: _____  Date: August __, 2017
NOHO HOSPITALITY, LLC

By: _____  Date: August __, 2017
ERIC MELO

By: _____  Date: August __, 2017
GUSTAVO DIAZ

By: _____  Date: August __, 2017
LUCIANO DUCO

By: _____  Date: August __, 2017
LUKE OSTROM

By: _____  Date: August __, 2017
NICOLAS LORENTZ

By: _____  Date: August __, 2017
BRIAN NASWORTHY

49430400