USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SAUL HERRERA and HUGO ORDONEZ,

                          Plaintiff,

          -against-

LAFAYETTE STREET PARTNERS, LLC, et al.,

                          Defendants.

------------------------------------------------------------X

**ORDER**

1:17-cv-1776 (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    This matter is before me on the parties' joint application to approve the parties' settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), to the extent it waives claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

    **I.**    **Facts**

    Defendant Lafayette Street Partners, LLC, owned by Defendant Noho Hospitality, LLC, owns and operates Lafayette Grand Café & Bakery in New York City ("Café"). The individual Defendants were involved with the corporate defendants in various capacities as owners, officers, directors and/or managing agents. Plaintiff Herrera worked as a dishwasher at the Café between in or about July 2013 and August 2016. Plaintiff Ordonez worked as a dishwasher at the Café from March 2014 until August 2017.

    In their Complaint, Plaintiffs assert that they were paid for fewer hours than they actually worked in violation of federal and state wage and hour laws. They assert that certain

Defendants either manipulated computer time records to reduce their hours of work reflected and/or that at times when the timekeeping computer system malfunctioned, manually recorded fewer hours than Plaintiffs actually worked. Plaintiffs also contend that they were not paid for all overtime hours worked, nor provided proper notice of their wages as required by state law. Plaintiff Herrera contends that he regularly worked 48 hours per week but was underpaid approximately 5 hours per week. Plaintiff Ordonez contends he regularly worked 45 hours per week but was not paid for all of his overtime. Plaintiff Herrera estimates his unpaid wages and overtime total approximately $14,668.82. Plaintiff Ordonez estimates his unpaid wages and overtime total approximately $8,250.

Defendants have denied all material allegations in the complaint. During discovery, Defendants produced documentation directly contradicting the allegations in Plaintiffs' complaint and supporting their position that they properly paid Plaintiffs for time worked.

After a lengthy mediation conducted through the Court-annexed mediation program, the parties reached a settlement. The terms of the settlement are as follows:

- A total settlement of $30,000;
- $10,300 of the settlement will be allocated to attorneys' fees and costs;
- The remainder of the settlement will be split with $13,183.33 going to Herrera and $6,516.67 going to Ordonez;
- No admission of liability;
- Half of the settlement payment to each Plaintiff is allocated to liquidated damages and the other half allocated to alleged back wages;

- Plaintiffs agree that they have no right to reemployment and to return any property of Defendants; and

- Stipulation of dismissal.

II.      **Approval Of The FLSA Settlement**

The FLSA sets forth the minimum wage and overtime that an employee must be paid, as well as specific exemptions from its requirements. The U.S. Supreme Court recognized that the statute was designed to protect "certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Since then, courts have recognized the unique policy considerations underlying the FLSA and the importance of deterring employers from exerting undue pressure on low wage employees to compromise valid wage claims. Citing these concerns, the Second Circuit has held that settlements of FLSA claims in which the parties terminate the action via a stipulation of dismissal pursuant to Rule 41 require approval of the district court or the U.S. Department of Labor to take effect. *Cheeks*, 796 F.3d at 206.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve *bona fide* disputes." *Johnson v. Brennan*, No. 10-cv-4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (citations omitted); *see also Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (parties must demonstrate settlement is "fair and reasonable").

There are five factors relevant to an assessment of the fairness of an FLSA settlement including: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement

will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)). The settlement here satisfies these criteria.

First, the settlement represents a fair compromise given Plaintiffs' ranges of possible recovery. Though Plaintiff Herrera initially estimated he was owed at least $14,668.82 and Plaintiff Ordonez initially estimated he was owed approximately $8,250, both Plaintiffs concede that Defendants produced documents directly contradicting their wage claims. Therefore, both Plaintiffs risked receiving nothing at all if the litigation continued. Additionally, the Plaintiffs' time-shaving allegations will be difficult to prove, as it will be their testimony against written wage documentation. Given the uncertainty as to the amount of potential overtime worked and the difficulties both parties will encounter proving claims and defenses, the agreement represents a fair compromise of the Plaintiffs' possible recoveries.

With respect to the second and third factors, the settlement will entirely avoid the burden, risks, expense, and aggravation of continued litigation. Given the factual disputes over Plaintiffs' hours worked and the manual shaving of time, the parties faced substantial additional litigation costs and all the risks attendant to litigation. These costs and risks are fully avoided by settlement.

Fourth, because this settlement was reached through court-annexed mediation with the aid of an experienced mediator, the settlement is the product of arm's-length bargaining between experienced counsel. Fifth, there are no factors here that suggest the existence of fraud.

Finally, the settlement agreement provides that one-third of the settlement fund will be paid to Plaintiff's counsel as a contingency fee and costs. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *See Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-cv-814 (RA), 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015) (citing *Thornhill v. CVS Pharm., Inc.*, No. 13-cv- 507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014)); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-cv-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012); *Palacio v. E*TRADE Fin. Corp.*, No. 10-cv-4030 (LAP) (DCF), 2012 WL 2384419, at *6-7 (S.D.N.Y. June 22, 2012).

In assessing the reasonableness of the proposed attorneys' fee allocation, the Court also considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). Lead counsel in the Southern District of New York typically charge between $300 and $400 per hour in wage-and-hour cases, but courts in this district have approved hourly rates as high as $450. *Rodriguez-Hernandez v. K Bread & Co., Inc.,* No. 15-cv-6848 (KBF), 2017 WL 2266874, at *6 (S.D.N.Y. May 23, 2017) (collecting cases). A review of the billing statements submitted by Plaintiffs' counsel indicates that he spent approximately 40 hours prosecuting this matter. Thus, the attorneys' fee payment would result in reimbursement at a

rate of less than $300 per hour – well within a reimbursement rate approved by courts in this circuit. Accordingly, this Court finds the amount allocated to attorneys' fees is reasonable.

### III.   Conclusion

For all the reasons set forth above, this Court approves the settlement in this matter. Accordingly, this action will be dismissed with prejudice and without costs, and will be closed upon Plaintiff's filing of the Stipulation of Dismissal, as set forth in the settlement agreement.

**SO ORDERED.**

Dated: August 21, 2017
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge